TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
SETH A. NIELSEN, Assistant United States Attorney (#13823)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTHEW CHARLES KENNINGTON,<br><br>  Defendant. | Case No. 2:23-CR-00421<br><br>**UNITED STATES' MOTION FOR DETENTION**<br><br>Chief Magistrate Judge Dustin B. Pead |

☐  The United States is not seeking detention.

☐  Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒  The United States moves for detention based on current information. The United States may amend its' position after reviewing the Pretrial Report or learning of additional evidence. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☐ **(A**) a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

The defendant is charged with a violation of 18 U.S.C. § 922(a)(6). He is alleged to have made a false statement during the acquisition of a firearm from a licensed dealer. The United States asserts it is entitled to detention hearings on this charge, as this is a felony case involving the possession or use of a firearm. This position is supported by the structure of 18 U.S.C. § 3142(f) and the plain language of the statute.

Congress had multiple options for specifying matters in which the United States could request pre-trial detention of a defendant. It could have enumerated certain offenses or outlined criteria without specifying a requisite charge. The statute embraces both approaches. If a defendant is charged with a specific offense enumerated in §§ 3142(f)(1)(A), (B), (C), or (E), the United States is entitled to request a detention hearing. Additionally, the United States may request a detention hearing if the case presents certain characteristics, including criteria outlined in §§ 3142(f)(1)(D) and (E).

The pertinent portion of 18 U.S.C. § 3142(f)(1)(E) dictates that a detention hearing may be held, upon motion by an attorney for the Government, in a case that **involves** the possession or use of a firearm (emphasis added).  It is important to note that nothing in the plain language of the statute requires that the possession or use of the firearm be an element of the charged offense.

In *United States v. Hallett*, the defendant was charged by complaint with a violation of 18 U.S.C. § 922(a)(1)(A) for dealing firearms without a license.  (2:22-MJ-00698, ECF No. 7).  In a written order, Judge Bennett conducted an analysis of the statutory terms "involves" and "possession," ultimately finding that the United States is entitled to a detention hearing when "possession of a firearm" is either (1) an element of the offense, or (2) is an implicit, necessary (and therefore unexpressed feature) of the charged crime.

Just as dealing firearms without a license necessarily includes actual or constructive possession of a firearm, so too does acquisition of a firearm via a false statement.  Though 18 U.S.C. § 922(a)(6) does not include possession of a firearm as an element, receipt of a firearm based on a false statement is an inherent feature of the offense.  Even though the defendant is charged with a single false statement, there is evidence he obtained multiple firearms using the same tactics.  Because of this, the United States is entitled to a detention hearing in this matter.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and **the United States may seek a continuance of up to three days**.  18 U.S.C. § 3142(f).  During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Factors to Be Considered

In this case, the United States is seeking a three-day continuance for the detention hearing pursuant to 18 U.S.C. § 3142(f).  The United States will also file a supplemental motion for detention prior to that hearing.

DATED this 12th day of December, 2023.

                            TRINA A. HIGGINS
                            United States Attorney

                            */s/ Victoria K. McFarland*
                            VICTORIA K. McFARLAND
                            SETH A. NIELSEN
                            Assistant United States Attorneys