TRINA A. HIGGINS, United States Attorney (#7349)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
SETH A. NIELSEN, Assistant United States Attorney (#13823)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00421 |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SUPPLEMENTAL MOTION FOR DETENTION** |
| MATTHEW CHARLES KENNINGTON, | Chief Magistrate Judge Dustin B. Pead |
| Defendant. | |

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

The defendant is charged with a violation of 18 U.S.C. § 922(a)(6). He is alleged to have made a false statement during the acquisition of a firearm from a licensed dealer. The United States asserts it is entitled to detention hearings on this charge, as this is a felony case involving the possession or use of a firearm. This position is supported by the structure of 18 U.S.C. § 3142(f) and the plain language of the statute.

Congress had multiple options for specifying matters in which the United States could request pre-trial detention of a defendant. It could have enumerated certain offenses or outlined criteria without specifying a requisite charge. The statute embraces

both approaches. If a defendant is charged with a specific offense enumerated in §§ 3142(f)(1)(A), (B), (C), or (E), the United States is entitled to request a detention hearing. Additionally, the United States may request a detention hearing if the case presents certain characteristics, including criteria outlined in §§ 3142(f)(1)(D) and (E).

The pertinent portion of 18 U.S.C. § 3142(f)(1)(E) dictates that a detention hearing may be held, upon motion by an attorney for the Government, in a case that involves the possession or use of a firearm (emphasis added). It is important to note that nothing in the plain language of the statute requires that the possession or use of the firearm be an element of the charged offense.

In United States v. Hallett, the defendant was charged by complaint with a violation of 18 U.S.C. § 922(a)(1)(A) for dealing firearms without a license. (2:22-MJ-00698, ECF No. 7). In a written order, Judge Bennett conducted an analysis of the statutory terms "involves" and "possession," ultimately finding that the United States is entitled to a detention hearing when "possession of a firearm" is either (1) an element of the offense, or (2) is an implicit, necessary (and therefore unexpressed feature) of the charged crime.

Just as dealing firearms without a license necessarily includes actual or constructive possession of a firearm, so too does acquisition of a firearm via a false statement. Though 18 U.S.C. § 922(a)(6) does not include possession of a firearm as an element, receipt of a firearm based on a false statement is an inherent feature of the offense. Even though the defendant is charged with a single false statement, there is evidence he obtained multiple firearms using the same tactics. Because of this, the United States is entitled to a detention hearing in this matter.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## **Rebuttable Presumption**

A rebuttable presumption is not applicable in this case.

## **Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

On June 26, 2023, Matthew KENNINGTON contacted an individual via text about purchasing a FN M249S 5.56 rifle, serial number M249SA07312. The seller had several firearms listed via Armslist. However, KENNINGTON contacted the seller via text. The discussion included the following:

- KENNINGTON asked about an AK pistol the seller had for sale
- KENNINGTON said he had ordered an M249 from a store that was supposed to arrive by Friday (June 23, 2023) but it had not arrived; KENNINGTON said he was hoping to cancel that transaction
- KENNINGTON asked the seller if he would be willing to "just do a bill of sale"
- KENNINGTON inquired about a drum magazine for the M249S
- KENNINGTON also asked about SCARs

Based on the text conversation, the seller decided to transfer the rifle through an FFL. On June 28, 2023, KENNINGTON went to an FFL in Colorado Springs, Colorado for the transaction (he also purchased a Zastava Arms M77PS from the store during the same transaction). KENNINGTON filled out an ATF 4473 Form on June 28, 2023, indicating he was the actual transferee/buyer of the firearms. The transaction was not approved until July 1, 2023, when he returned to the store and recertified his initial answers. He paid a $40.00 transfer fee to the FFL for the M249S, $1,599.95 in cash to the FLL for the Zastava, and $10,000.00 in cash to the seller. Financial records show activity in Colorado on KENNINGTON's account between June 27, 2023 and July 2,

2023.  LPR data also places a vehicle registered to KENNINGTON in Clifton, Colorado on June 28, 2023.

      On July 2, 2023, KENNINGTON purchased an FN M249S 5.56 rifle, serial number M249SA06450, from an FFL in West Jordan, Utah.  On the ATF 4473 Form, KENNINGTON indicated he was the actual transferee/buyer of the firearm.  The surveillance video from the purchase shows Matthew KENNINGTON and another individual, very likely a close associate (hereinafter "Straw Purchaser 2"), arriving at the FFL in a grey Ford sedan (KENNINGTON has a 2016 Ford Fusion registered to him).  Bank records show a June 28, 2023 online purchase at Sportsman's for $10,574.49.  The receipt from the firearm transaction shows a total price of $10,510.49, which was paid for utilizing 6 different gift cards.

      On July 4, 2023, Straw Purchaser 2 purchased an FN M249S 5.56 rifle, serial number M249SA08290, from an FFL in Twin Falls, Idaho (Straw Purchaser 2 also obtained a second firearm during the transaction).  Straw Purchaser 2 paid in cash and later contacted the store to ask about purchasing additional M249S rifles.  Straw Purchaser 2 filled out an ATF 4473 Form, indicating he was the actual transferee/buyer of the firearms.

      On July 7, 2023, four individuals were arrested at a checkpoint in Guasave, Sinaloa, Mexico by the Fiscalia General de la República (FRG).  According to the FGR, they received information from an anonymous source indicating there was a passenger bus transporting firearms in suitcases.  Five (5) firearms were seized, and four (4) individuals were arrested.  The seized firearms included one (1) handgun, the three (3) FN M249S 5.56 rifles purchased by KENNINGTON and Straw Purchaser 2, and (1) FN SCAR 17S 7.62 rifle.  The "time to crime" on the M249S were 6, 5, and 3 days.  Additionally, toll records between a number Erick Giovanni GUTIERREZ MARTINEZ is a subscriber on show contact between GUTIERREZ MARTINEZ and KENNINGTON, between GUTIERREZ MARTINEZ and the individual who purchased the seized SCAR 17S 7.62 rifle, and between GUTIERREZ MARTINEZ and one of the four arrestees in Sinaloa (GUTIERREZ MARTINEZ is charged in a separate case with a violations of 18 U.S.C. § 922(a)(6) and 2, Aiding and Abetting a False Statement During Attempted Acquisition of a Firearm).

      On July 7, 2023, KENNINGTON purchased a SCAR 17S 7.62 rifle, serial number H1C20404; FN SCAR 17S 7.62 rifle, serial number H1C21466; and FN SCAR 15P 5.56 rifle, serial number H1C20404, from Modern Warriors in St. George, Utah.  These firearms have not been recovered.  On the ATF 4473 Form, KENNINGTON indicated he was the actual transferee/buyer of the firearms.  According to the FFL employee who

handled the transaction, KENNINGTON initially attempted to pay cash. However, he ultimately utilized a debit card for the transaction. Bank records show a $13,500.00 cash deposit, along with a $9,458.65 debit at the FFL on July 7, 2023. The FFL employee also stated that KENNINGTON inquired about M249S rifles.

On December 7, 2023, GUTIERREZ MARTINEZ was arrested. GUTIERREZ MARTINEZ's nephew, Jorge GARCIA GUTIERREZ, was also detained and questioned (GARCIA GUTIERREZ is currently charged in the District of Arizona with a violation of 18 U.S.C. § 544(a), Smuggling Goods from the United States, based on an incident on August 24, 2023 when a .50 caliber rifle was found in the vehicle attempting to enter Mexico occupied by GARCIA GUTIERREZ and others). Post-*Miranda*, GARCIA GUTIERREZ told agents he had assisted GUTIERREZ MARTINEZ and another in acquiring firearms. GARCIA GUTIERREZ stated he had found sellers on www.utahgunexchange.com, including KENNINGTON and Straw Purchaser 2. GARCIA GUTIERREZ stated KENNINGTON had purchased two (2) 5.56 caliber belt-fed rifles with a large handle (descriptive of M249 rifles) at GARCIA GUTIERREZ's request. GARCIA GUTIERREZ estimated the facilitated the acquisition of 20-30 firearms from KENNINGTON and Straw Purchaser 2.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

The United States asserts that the weight of the evidence against KENNINGTON is substantial, given the sequence of events described above.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

The Pretrial Services Report filed in this case indicates KENNINGTON has no prior criminal history. However, such is often the case with individuals involved in firearm trafficking, as their lack of history enables them to lawfully procure firearms. Additionally, KENNINGTON's reported work is lacking sufficient detail for adequate verification. Additionally, KENNINGTON has the following reported wage data: $3,470 in 2019, no reported wages in 2020, $34,089 in 2021, $8,636 in 2022, and no reported wages in 2023. Finally, all information provided by KENNINGTON in the report was corroborated by the individual who has been identified as Straw Purchaser 2.

- ☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).
- ☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).
- ☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:
- ☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.
- ☐  The defendant's significant family or other ties outside of the United States.
- ☐  The defendant's use of aliases or false documents.
- ☐  The defendant's prior attempts to evade law enforcement.
- ☒  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
- ☐  The defendant's prior failures to appear for court proceedings.
- ☒  Other reasons including:

While investigation of this matter is on-going, the following information has been revealed as to KENNINGTON:

On August 7, 2023, ATF agents purchased a Zastava M70 7.62 rifle from KENNINGTON utilizing an undercover agent (UC).  At the time, KENNINGTON had five (5) firearms listed for sale on www.utahgunexchange.com.  The UC met KENNINGTON in the parking lot of a business in West Jordan, Utah.  The UC paid $1,250.00 for the rifle.  During the exchange, KENNINGTON showed the UC another AK-style pistol, and the UC said he may be interested in purchasing it at a later time.  Records show this firearm was originally shipped to an FFL in Beaver, Utah and was originally sold in March 2019.

On August 10, 2023, ATF agents purchased Pioneer Arms Hellpup 7.62 pistol, from KENNINGTON, via Straw Purchaser 2, utilizing the same UC (this was the same firearm KENNINGTON had shown the UC during the August 7, 2023 transaction).  The UC arranged the purchase with KENNINGTON via text.  However, Straw Purchaser 2 appeared for the actual transaction, which took place at the same business in West Jordan, Utah.  The UC paid $1,200.00 for the rifle.  During the exchange, Straw Purchaser 2 mentioned having additional AK style firearms and implied they (he and

KENNINGTON) could get more. Records show this firearm was originally shipped to an FFL in Murray, Utah and was originally sold in April 2021.

On August 23, 2023, KENNINGTON reached out to the UC about purchasing additional AK-style firearms, sending photos of what appeared to be (3) different weapons. On August 31, 2023, ATF agents purchased a Riley Defense RAK 74-C 5.45 caliber rifle from KENNINGTON utilizing the same UC. The UC met KENNINGTON in the same business in West Jordan, Utah and paid $1,200.00 for the rifle. During the transaction, KENNINGTON showed the UC two additional AK-style weapons and stated he was selling firearms for "bills and stuff." Records show this firearm was originally shipped to an FFL in Logan, Utah and was originally sold in July 2022.

On December 7, 2023, the UC reached out to KENNINGTON about purchasing a Desert Eagle pistol. KENNINGTON sent the UC several photos of the firearm via text message. The UC met KENNINGTON in the same business in West Jordan, Utah and paid $2,000.00 for the pistol. KENNINGTON was taken into custody shortly after the transaction occurred.

## **Victim Notification**

This matter does not involve a victim requiring notification.

DATED this 22nd day of December, 2023.

TRINA A. HIGGINS
United States Attorney

*Victoria K. McFarland*

VICTORIA K. McFARLAND
SETH A. NIELSEN
Assistant United States Attorneys